UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENG-WEN CHENG,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Civil Action<br>No. 23-3823 (CPO) (SAK)<br><br>**OPINION & ORDER** |

**O'HEARN, District Judge.**

This matter comes before the Court by way of Plaintiff's Complaint raising claims pursuant to 28 U.S.C. § 1343(a)(3) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. The Court has screened[1] the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

Under 28 U.S.C. § 1343(a)(3), this Court has:

> original jurisdiction of any civil action authorized by law to be commenced by any person . . . to redress the deprivation, under color of any *State* law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

28 U.S.C. § 1343(a)(3) (emphasis added). As § 1343(a)(3) only provides jurisdiction for actions taken "under color of . . . State law," it requires State action. *Baranoski v. U.S. Att'y Off.*, No. 05-5014, 2006 WL 166495, at *3 (D.N.J. Jan. 20, 2006); *Gasden v. U.S.P.S.*, No. 95-0734, 1995 WL 758775, at *5–6 (S.D.N.Y. Dec. 26, 1995) ("[T]he alleged violation must have been committed by an agency or officer of one of the 50 states; an action by a federal agency or officer does not qualify."); *see also Geschke v. Soc. Sec. Admin.*, No. 13-1069, 2013 WL 6632119, at *10 (W.D. Wash. Dec. 17, 2013).

In this case, there is no state action because the alleged violations were committed by federal employees of a federal agency, and the sole Defendant is the United States. (*See* ECF No. 1, at 4–7.) Accordingly, § 1343(a)(3) does not confer jurisdiction, and to the extent Plaintiff seeks to raise independent claims pursuant to § 1343(a)(3), rather than the FTCA, the Court will dismiss them with prejudice. *See Felder v. Doe*, No. 97-3680, 1997 WL 551380, at *1 n.1 (E.D. Pa. Aug. 21, 1997) (explaining that § 1343 "does not provide an independent cause of action for the deprivation of one's constitutional rights, and is customarily limited to providing jurisdiction for the violation of other statutes"); *see also Williams v. Denmar LLC*, No. 21-01431, 2022 WL 824438, at *6 (D. Colo. Mar. 18, 2022) ("28 U.S.C. § 1343 (a)(3) . . . does not create an independent cause of action.").

Turning then to Plaintiff's FTCA claims, the "FTCA operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted); *see generally Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999) (explaining that "[s]overeign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States"). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private

individual," "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674; *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994). An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)–(2); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

However, "constitutional torts are not cognizable under the FTCA." *See, e.g.*, *Zierke v. United States*, 679 F. App'x 103, 106 (3d Cir. 2017); *see also Meyer*, 510 U.S. at 477–78; *Goode v. United States Dep't of Homeland Sec.*, 815 F. App'x 643, 645 (3d Cir. 2020). As the Supreme Court explained, to be actionable under the FTCA, a claim must allege, among other things, that "the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *Meyer*, 510 U.S. at 477–78 (quoting 28 U.S.C. § 1346(b)(1)). The Court defined "law of the place" to mean "law of the *State* . . . [as] the source of substantive liability under the FTCA." *Id.* at 478 (emphasis added). "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Id.* As a result, the United States is not liable under the FTCA for federal "constitutional tort claims." *Id.*; *Zierke*, 679 F. App'x at 106; *see also Noble v. United States*, 855 F. App'x 816, 820 (3d Cir. 2021); *Goode*, 815 F. App'x at 645 ("[T]he United States is not liable under the FTCA for money damages for suits arising out of constitutional violations.").

In the present case, in each Count, Plaintiff raises various Eighth Amendment failure to protect claims under the United States Constitution. (ECF No. 1, at 4–8.) As such claims are not cognizable under the FTCA, the Court will dismiss them with prejudice.

Similarly, requests for injunctive relief and requests for punitive damages are not available under the FTCA. 28 U.S.C. § 1346(b)(1) (stating monetary damages only); 28 U.S.C. § 2674

(stating that the United States shall not be liable for punitive damages); *Priovolos v. F.B.I.*, 632 F. App'x. 58, 59 n.1 (3d Cir. 2015) (per curiam); *Michtavi v. United States*, 345 F. App'x 727, 730 (3d Cir. 2009); *Lampon-Paz v. Dep't of Just.*, No. 17-6395, 2017 WL 4030577, at *2 (D.N.J. Sept. 12, 2017).  In this case, Plaintiff seeks injunctive relief to order the "United States to improve security measures at FCI ["Federal Correctional Institution"] Fort Dix immediately, or close down FCI Fort Dix completely." (ECF No. 1, at 8.)  He also seeks "punitive damages." (*Id.*)  As such relief is not available under the FTCA, the Court will dismiss with prejudice Plaintiff's requests for injunctive relief and for punitive damages.  The remainder of the Complaint, *i.e.*, Plaintiff's FTCA claims based on negligence, and those based on the intentional and negligent infliction of emotional distress, may proceed.[2]

Next, before the Court is Plaintiff's motion to seal. (ECF No. 3.)  Under Local Rule 5.3(c), a motion to seal must describe with particularity:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrants the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

---

[2] The Court is not expressly or implicitly limiting Defendant's right to assert any potential defenses as it sees fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.

L. Civ. R. 5.3(c)(3). Plaintiff's motion fails to address most of these items. (*See* ECF No. 3.) Consequently, the Court will deny Plaintiff's motion without prejudice. Plaintiff may file an amended motion to seal, before Magistrate Judge King, that addresses each of the items above. Accordingly,

IT IS, on this 26th day of October 2023,

**ORDERED** that Plaintiff's Eighth Amendment claims, § 1343(a)(3) claims, and requests for injunctive relief and for punitive damages, are DISMISSED WITH PREJUDICE for lack of jurisdiction; and it is further

**ORDERED** that Plaintiff's motion to seal, (ECF No. 3), is DENIED WITHOUT PREJUDICE, Plaintiff shall have 30 days from the date of this Order to submit an amended motion to seal, before Magistrate Judge King, that addresses the deficiencies discussed above; and it is further

**ORDERED** that all docket entries that are currently sealed, shall remain temporarily sealed; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms; and it is further

**ORDERED** that after Plaintiff sends the completed form(s) to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Opinion and Order upon Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**